Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 191031-45556
DATE: October 29, 2021

ORDER

Service connection for coronary artery disease is granted.

FINDING OF FACT

The evidence favors a finding that the Veteran served in the Republic of Vietnam during his Vietnam Era service, where he is presumed to have been exposed to tactical herbicide agents, and he has been diagnosed with coronary artery disease (CAD).

CONCLUSION OF LAW

The criteria for entitlement to service connection for CAD have been met. 38 U.S.C. §§ 1110, 1112, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1949 to March 1970. He served honorably in the United States Army, including in Vietnam. The Board thanks the Veteran for his distinguished service to our country.

A rating decision was issued under the legacy system in August 2016 and the appellant submitted a timely notice of disagreement (NOD). In October 2019, the agency of original jurisdiction (AOJ) issued an SOC. The appellant opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a timely VA Form 10182, Decision Review Request: Board Appeal (NOD) identifying the October 2019 SOC; therefore, the October 2019 SOC is the decision on appeal. 

In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Hearing option. In October 2021, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. At the hearing, the Veteran waived the 90 day post-hearing evidentiary period. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the appellant or his or her representative at the hearing. 38 C.F.R. § 20.302(a). 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of entitlement to service connection for CAD, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

This matter has been advanced on the Board's docket on account of the appellant's age. See 38 U.S.C. § 7107 (a)(2) and 38 C.F.R. § 20.900 (c).

Entitlement to service connection for CAD

Service connection may be granted for disability due to disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304. Service connection may also be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303. To substantiate a claim of service connection, there must be evidence of: (1) a current disability; (2) a disease, injury, or event in service; and (3) a nexus or causal relationship between the claimed disability and the disease, injury, or event in service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

A veteran who served in the Republic of Vietnam during the period beginning January 9, 1962, and ending on May 7, 1975, is presumed to have been exposed to an herbicide agent. 38 C.F.R. § 3.307 (a)(6). The relevant regulation, 38 C.F.R. § 3.309, includes as a disease presumptively associated with herbicide exposure "Ischemic heart disease (including, but not limited to acute, subacute, and old myocardial infarction, atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; ands stable, unstable, and Prinzmetal's angina)." Thus, the regulation clearly considers ischemic heart disease to include atherosclerotic cardiovascular disease, angina, and coronary artery disease.

Here, the Veteran had qualifying Army service in Vietnam and therefore he is presumed to have been exposed to an herbicide agent for the purposes of 38 C.F.R. § 3.307 (a)(6). The Veteran's Vietnam service is confirmed in his service personnel records and VA acknowledged his documented exposure to herbicides in the October 2019 statement of the case, which is the decision on appeal. 

It is not in dispute that the Veteran has a diagnosis of coronary artery disease. Pursuant to the September 2019 VA heart conditions examination report, the Veteran has a current diagnosis of nonobstructive coronary artery disease. However, the examiner opined that the Veteran's CAD does not fall under the umbrella of ischemic heart disease because it is nonobstructive. The examiner relied on extensive objective testing. That examination report also noted a finding of unspecified atherosclerosis. Further, the examiner found no basis to support a finding of stable angina noted in the private treatment records.

However, the Board notes that the governing VA regulations define ischemic heart disease (IHD) as including CAD without any qualifier on CAD needing to be obstructive in nature in order to be service-connected. See 38 C.F.R. § 3.309(e). Further, besides the September 2019 VA examination report, the Veteran also has diagnoses of CAD in July 2019 and September 2016, and in both cases the clinician opined favorably as to the Veteran having a heart diagnosis consistent with IHD. Further, the July 2019 Disability Benefits Questionnaire prepared by the Veteran's cardiologist, Dr. D. Jana, also diagnosed the Veteran with stable angina. 

As CAD is a disease presumptively associated with herbicide exposure, the Board finds that service connection for the Veteran's CAD is warranted on a presumptive basis as due to herbicide agent exposure. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 3.307, 3.309.

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Fales, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.